IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RICHARD LINDEN CROCKETT, | ) | |
| Plaintiff, | ) | Civil Action No. 7:11-cv-00603 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| B.D. RUSSELL, *et al.*, | ) | By: Norman K. Moon |
| Defendants. | ) | United States District Judge |

Plaintiff Richard Linden Crockett, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Crockett alleges that the defendants violated his constitutional rights in failing to put a non-slip mat in the shower and in failing to provide him with "proper" medical treatment after he fell. Upon review of the record, the court finds that Crockett has not stated a claim upon which relief can be granted and, therefore, dismisses his complaint pursuant to 28 U.S.C. § 1915A(b)(1).

**I.**

Crockett alleges that on August 21, 2011, he fell in the shower at Western Virginia Regional Jail. As a result of his fall, Crocket claims that he injured his knee and lower back. On the same day that he fell, Crockett was seen by defendant Nurse McPeak, who gave him an ice pack and referred him to sick call for follow-up and re-check as needed. In addition, Crockett was already taking ibuprofen. On August 24, 2011, Crockett was noted as refusing an appointment to sick call for his follow-up; however, Crockett states that he did not refuse the appointment, but rather he told them that he could not walk to the medical unit because he was in pain. On August 29, 2011, Crockett saw defendant D'Alessandro, a physician's assistant, for his knee pain and an ingrown toenail. D'Alessandro diagnosed Crockett with a knee strain/sprain and gave him prednisone. D'Alessandro also told Crockett that if his symptoms persisted, they

could inject cortisone in his knee. On September 2, 2011, Crockett saw D'Alessandro again at D'Alessandro's request. Crockett was apparently still suffering knee pain, but because he was already on oral steroids, D'Alessandro decided not to give Crockett a cortisone injection at that time. On September 23, 2011, at Crockett's request, Crockett saw D'Alessandro again and requested a cortisone injection to his knee. Per Crocket's request, D'Alessandro injected Crockett's knee with cortisone. Crockett states that, to date, he has received no diagnosis or treatment for his back injury.

Crockett states that he has filed grievances concerning his claims that the defendants failed to place non-slip mats in the showers and failed to properly treat his injuries. However, Crockett concedes that the issue of non-slip mats not being in the shower "was brought to the attention of medical personnel after [he] slipped and fell in the shower . . . ." In addition, Crockett does not indicate that he ever complained of any back pain to any medical personnel after he fell and was given an ice pack.

## II.

To state a claim under the Eighth Amendment for cruel and unusual living conditions, a plaintiff must allege sufficient facts to show that the challenged conditions objectively amount to a deprivation of a basic human need, and that, subjectively, prison officials acted with deliberate indifference toward an excessive risk to inmate health or safety. Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991). To satisfy the objective element of an Eighth Amendment claim of dangerous prison conditions, plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the alleged conditions. Strickler v. Waters, 989 F.2d 1375, 1380 (4th Cir. 1993). To meet the subjective element of such a claim, plaintiff must demonstrate that the defendant officials were

2

aware of facts from which they could draw the inference that a significant risk of harm existed and that they, in fact, drew such an inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Plaintiff must then show that the defendant officials disregarded such a risk by failing to take "reasonable measures" to alleviate the danger. Id. at 832.

In this case, Crockett does not allege that the defendants had any knowledge that the floor was slippery enough to cause Crockett to fall. Thus, Crockett cannot demonstrate that the defendants acted with deliberate indifference toward any risk to his health or safety. At most, Crockett has alleges negligence which is not actionable under § 1983. Accordingly, the court finds that Crockett's allegations fail to state a claim of constitutional magnitude.

### III.

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995). To establish deliberate indifference, a plaintiff must present facts to demonstrate that the defendant had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825, 837 (1994); see also Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis or course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell, 528 F.2d at 319; Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990). Questions of medical judgment are not subject to judicial review. Russell, 528 F.2d at 319 (citing Shields v. Kunkel, 442 F.2d 409 (9th Cir. 1971)). A delay in receiving medical care, with no resulting injury, does not violate the Eighth Amendment. See Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir.

3

19993); Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); Wynn v. Mundo, 367 F. Supp. 2d 832, 838 (M.D.N.C. 2004).

Crockett concedes that he has been seen, evaluated, and treated by medical professionals on numerous occasions. Although he may disagree with the course of treatment he received, his claim is nothing more than a doctor-patient disagreement, which is not actionable under the Eighth Amendment. Further, to the extent he alleges any delay in treatment, he does not allege any injury that was caused by any delay and, therefore, his claim is not actionable. Accordingly, the court finds that Crockett has failed to state a constitutional claim.

## IV.

For the stated reasons, Crockett's complaint is dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

The Clerk of the Court is directed to send copies of this memorandum opinion and accompanying Order to the parties.

**ENTER**: This 19th day of March, 2012.

/s/ Norman K. Moon
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE